IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00702-CMA-STV

AMERICAN HEALTH CONNECTION,

    Plaintiff,

v.

DOCTOR TO DOCTOR SALES SOLUTIONS, LLC,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

    This matter is before the Court on Defendant Doctor to Doctor Sales Solutions, LLC's ("D2D") Motion to Dismiss (Doc. # 10). D2D argues that this case should be dismissed because Plaintiff, American Health Connection ("AHC"), failed to establish the amount in controversy as required for diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 10). For the following reasons, the Court grants D2D's Motion.

### I.     BACKGROUND

    This is a breach-of-contract and fraudulent-inducement case. (Doc. # 1, pp. 1-4, Doc. # 10-1). AHC is a Nevada corporation that offers what it describes as an "all-inclusive, full-service, virtual central scheduling and patient communication service" for the healthcare industry. (Doc. # 1, ¶ 6). D2D is a Colorado "medical contract sales company" serving companies that sell healthcare-related products. (Doc. # 1, ¶ 7, ¶¶ 8-10). In 2020, the parties entered into an agreement whereby D2D agreed to help AHC

arrange sales meetings with "Key Decision Makers" at various hospitals, with the goal of helping AHC sell its product to those hospitals. (Doc. # 1, ¶ 19). In return, AHC agreed to pay an initial fee of $2,650, followed by monthly payments of $3,745. (Doc. # 1, ¶¶ 15-18).

AHC now claims that D2D failed to arrange the promised meetings. Although D2D scheduled 12 meetings on AHC's behalf, AHC asserts that none of those meetings involved "Key Decision Makers" as required by the contract. (Doc. # 1, ¶ 1). Further, AHC contends that D2D exaggerated its ability to connect AHC with key decision makers in an effort to trick AHC into paying for D2D's services. AHC is now suing D2D, alleging fraudulent inducement, negligent misrepresentation, and breach of contract. (Doc. # 1, pp. 7-10).

D2D seeks to dismiss the case for lack of subject matter jurisdiction because the $75,000 threshold required for federal court subject matter jurisdiction "cannot be met." (Doc. # 10, p. 1). AHC counters that D2D's Motion should be denied because "it has not proven with a 'legal certainty' that Plaintiff's recovery will be less than the jurisdictional floor." (Doc. # 19, p. 1).

The Court agrees with D2D.

## II.      LEGAL STANDARDS

A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own

jurisdiction to the precise limits which [a federal] statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). "A complaint may not be dismissed for failure to plead the required amount in controversy unless the defendant can establish 'to a legal certainty' that the claim is really for less than the jurisdictional amount; otherwise the plaintiff's good faith allegations of the amount in controversy will control." *Cleary Bldg. Corp. v. David A. Dame, Inc.*, 674 F. Supp. 2d 1257, 1269–70 (D. Colo. 2009) (internal citation omitted). "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (internal citation omitted). "Dismissal on amount-in-controversy grounds is generally 'warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction.'" *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) (quoting *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003)). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

### III.   DISCUSSION

To determine whether the amount-in-controversy requirement has been met, the Court must determine whether it is possible for AHC to recover $75,000 or more in damages. In this case, there are two types of damages available to ACH: it can either "rescind the entire contract to restore the conditions before the agreement was made, or

[it can] affirm the entire contract and recover the difference between the actual value of the benefits received and the value of those benefits if they had been as represented." *Whatley v. Crawford & Co.*, 15 Fed. Appx. 625, 628 (10th Cir. 2001) (quoting *Trimble v. City & Cnty of Denver*, 697 P.2d 716, 723 (Colo. 1985).[1] D2D argues that AHC cannot meet the amount-in-controversy requirement, regardless of which remedy it chooses. The Court agrees.

A.      **AFFIRMATION OF CONTRACT**

If AHC chooses to affirm the contract, it will be unable recover $75,000 because the contract contains a limitation of liability clause which limits AHC's recover in this case to the total amount AHC paid under the contract:

> (d) LIMITATION OF LIABILITY. IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY SPECIAL, INDIRECT, INCIDENTAL, OR CONSEQUENTIAL DAMAGES INCLUDING, WITHOUT LIMITATION, DAMAGES ARISING FROM LOSS OF USE, LOSS OF CONTENT, LOSS OF PROFITS OR REVENUE OR GOODWILL, WHETHER SUCH LIABILITY IS ASSERTED ON THE BASIS OF CONTRACT, TORT OR OTHERWISE, EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THIS SUBSECTION 13(d) SHALL NOT APPLY TO LIMIT ANY INDEMNIFICATION UNDER 13(b). IN NO EVENT SHALL D2D'S LIABILITY TO CLIENT EXCEED IN THE AGGREGATE THE TOTAL AMOUNTS PAID BY CLIENT HEREUNDER. NO ACTION UNDER THIS AGREEMENT MAY BE BROUGHT BY EITHER PARTY AGAINST THE OTHER PARTY MORE THAN ONE (1) YEAR AFTER THE CAUSE OF ACTION ARISES.

(Doc. # 10, p. 9).

---

[1] The parties agree that, if AHC's claims succeed, AHC will have to choose one form of damages or the other; it is not entitled to recover both. *See* (Doc. # 10, pp. 6-8, Doc. # 19, p. 3); *see also Trimble v. City & County of Denver*, 697 P.2d 716, 723 (Colo.1985) ("Election is necessary whenever the theories of recovery are inconsistent.").

4

The parties apparently agree that this provision is valid and enforceable. (Doc. # 10, Doc # 19, Doc # 23); *see also Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1262 (Colo. 2000) ( Limitation of Liability provisions are enforceable in Colorado and are an appropriate limit of tort liability). In this case, the aggregate total amount paid by AHC under the contract is $6,395. (Doc. # 10-1, p. 5). Thus, under the contract's limitation-of-liability provision, AHC's recovery would be limited to $6,395 – well below the $75,000 jurisdictional threshold. "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery…" *Woodmen*, 342 F.3d at 1217. Such is the case here. Therefore, the Court agrees with D2D that affirmation of the contract would render AHC's claim under the jurisdictional threshold and allow only for the recovery of $6,395.

**B.     RESCISSION OF CONTRACT**

Further, even if AHC were to rescind the contract, the jurisdictional threshold still could not be met. (Doc. # 10, pp. 6-7).

Rescission of the contract would allow for the recovery of punitive damages "to the extent that the value of the contractual benefits conferred falls short of the value as represented, plus any other damages naturally and proximately caused by the misrepresentation." *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 677 (Colo. 1994).

AHC argues that if the contract were rescinded, its damages would include a return of the $6,395 it paid to D2D plus "$28,000 in [other] damages," equaling a total of $34,395 in damages. (Doc. # 19, p. 3). This amount is well below the jurisdictional threshold set forth in 28 U.S.C. § 1332. Although AHC also states that it also intends to

5

seek exemplary damages under Colo. Rev. Stat. § 13-21-102, the Court may not consider those damages at this stage in the litigation. "[T]he amount in controversy requirement is determined at the time the complaint was filed." *Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994). Thus, the Court must determine the amount in controversy based solely on the factual allegations contained in the Complaint. *See, e.g. Baker v. Sears Holdings Corp.*, 557 F. Supp 2d 1208, 1212 ("In cases initiated in federal court, a court examines the complaint and determines whether it contains factual allegations sufficient to establish the required amount in controversy."). A claim for exemplary damages, however, may not be included in the initial complaint. *See* C.R.S. § 13-21-102(1.5)(a) ("A claim for exemplary damages . . . may not be included in any initial claim for relief" and "may be allowed [only] by amendment to the pleadings . . . after the exchange of initial disclosures . . . [if] the plaintiff establishes prima facie proof of a triable issue."). Therefore, the Complaint does not state a valid claim for exemplary damages.

Further, even if AHC *could* seek exemplary damages at this stage in the case, it would still not satisfy the amount in controversy requirement. Pursuant to C.R.S. § 13-21-102, any exemplary damage award is limited to "an amount which is equal to the amount of the actual damages awarded to the injured party." C.R.S. § 13-21-102. Thus, the maximum amount AHC could recover, even with exemplary damages, would be $68,790 – still below the $75,000 threshold.

AHC argues, however, that if it wins on its fraudulent-inducement claim at trial, it will be entitled to reasonable attorney fees in the amount of $90,000. This argument fails.

"[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). AHC has failed to do so. AHC offers no evidence whatsoever to support its attorney fee calculation. Rather, it devotes only a single, conclusory sentence to the issue in its Response: "Given the amount of discovery necessary of many entities in the instant matter, Plaintiff estimates its reasonable attorney's fees to be incurred through trial amount to $90,000 (200 hours multiplied by a rate of $450 per hour)." (Doc. # 19, p. 4). This conclusory statement does not establish, by a preponderance of the evidence, either a right to recover attorney fees or the reasonableness of the requested fee. Further, In the absence of a statute or contractual agreement, attorney fees are not ordinarily recoverable as an element of damages in a tort or contract action." *Double Oak Const., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 150 (Colo. App. 2003). AHC fails to adequately explain why it would be entitled to an exception to this general rule. Therefore, AHC has failed to adequately establish either that it is entitled to attorney fees or that those fees would exceed the jurisdictional threshold set forth in 28 U.S.C. § 1332. As a result, its claims are subject to dismissal.

## IV. CONCLUSION

For the reasons stated above, it is ORDERED that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE. Plaintiff shall have up to and including December 20, 2021, within which to file an amended complaint that resolves the pleading deficiencies identified herein. Should Plaintiff fail to amend its complaint by that date, Plaintiff's claims will be dismissed with prejudice.

DATED: December 6, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge